IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| NARCO ASBESTOS PERSONAL INJURY | ) |
| | ) |
| SETTLEMENT TRUST, | ) |
| | ) |
|     Defendant. | ) |

8:21 MC 157 CEH – AAS

Misc. No.:

Underlying Case No. 15-00204-TPA
Adv. Proc. No.: 21-2097TPA
(United States Bankruptcy Court
for the Western District of
Pennsylvania)

## OBJECTION TO AND MOTION TO QUASH SUBPOENA AND OBJECTION TO TRANSFER OF THIRD PARTY VINSON LAW P.A.

On its own behalf, and as counsel for two hundred asbestos victim clients, Vinson Law, P.A. ("Vinson"), by and through its undersigned counsel, objects to the Subpoena attached as Exhibit "A" hereto (the "Subpoena") and moves this Court under Rule 45 to enter an order quashing or modifying the Subpoena. Vinson also objects and does not consent to the transfer of venue of this Objection and Motion or of any motion to compel related to the Subpoena to any court other than the United States District Court or the United States Bankruptcy Court for the Middle District of Florida, Tampa Division.



The Subpoena was issued at the behest of Honeywell International Inc. ("Honeywell") and requests Vinson Law, P.A, a non-party law firm, to assemble, review, and then turn over for inspection client files for two hundred clients on fifteen-days' notice. This extraordinary request imposes a duty on Vinson to retrieve and review the documents requested from each client file, attempt to notify each client of the issuance of the subpoena and the request set forth therein, inform the client as to the basis of the request,[1] and seek directions from each client regarding the response to the Subpoena. An attorney whose client files are subpoenaed "has a professional responsibility to seek to limit the subpoena on any legitimate grounds." ABA Comm. on Professional Ethics and Grievances, Formal Op. 94-385 (1994). It is impossible for Vinson to comply with the request within the time specified and, even if substantially more time were allowed for the production, compliance with the Subpoena would be unduly burdensome and expensive. Moreover, the requested materials may include facially inadmissible settlement materials and confidential personal identifying information. Additionally, Vinson believes that many of the documents requested are already in the possession of Honeywell or could easily be obtained by them. Further, some

---

[1] Rule 4-1.4 of the Florida Rules of Professional Conduct requires a lawyer to promptly inform a client of any decision or circumstance with respect to which the client's informed consent is required. The Comment notes that the client should have sufficient information to participate intelligently in decisions.

2

of the documents requested may be subject to confidentiality agreements or court orders, as will be further explained herein.

Specifically, Honeywell is seeking to collect three categories of documents for each of the two hundred clients:

(a) all complaints, deposition transcripts, and discovery responses, filed, served, submitted or otherwise exchanged in civil litigation in any matter related to allegations of exposure to asbestos-containing products or raw asbestos fibers;

(b) all documents, including any affidavits, claim forms, declarations, statements, or affirmations, signed or submitted on behalf of each client to any Settlement Trust established under 11 USC Section 524(g); and

(c) all documents provided to Mazars USA LLP, the claims auditing firm used by The North American Refractories Company ("NARCO") Asbestos Personal Injury Settlement Trust.

Vinson is one of thirteen law firms upon whom Honeywell has served subpoenas for some 3,300 client files. Indeed, on November 19, 2021, the Narco Trust (the Defendant in the underlying litigation) filed a Motion for Protective Order in the Western District of Pennsylvania, a copy of which is attached hereto (without Exhibits) and incorporated herein as Exhibit "B", arguing before that court that the discovery sought by the law firm subpoenas, including the one issued to Vinson, is irrelevant as well as burdensome.

Most of the Vinson clients have long since settled their claims against the NARCO Trust, a fact known to Honeywell since it *already has access to all materials submitted to the NARCO Trust and Mazars*. Although it will vary client-by-client,

there are up to twenty-four litigation matters for which Vinson would have to review and copy documents. There are several Asbestos Settlement Trusts against which claims would have been asserted, each with its own set of confidentiality requirements.

## Relief Requested

Rule 45 of the Federal Rules of Civil Procedure requires quashing subpoenas that either (i) fail to allow a reasonable time to comply; (iii) require disclosure of privileged or other protected matter or (iv) subject a person to undue burden. FED. R. CIV. P. 45(d)(3)(A)(i)–(iv).  Because all three of those criteria are met here, the Subpoena should be quashed.

## Statement of Basis for Relief

1.   Vinson Law, P.A., improperly named in the Subpoena as Vinson Law LLC, was subpoenaed by the asbestos industry defendant Honeywell International, Inc. ("Honeywell") on November 9, 2021.   As described below, this subpoena requested 70,000 – 80,000 pages of documents from Vinson's client files which are either already in the possession of Honeywell or facially irrelevant to its alleged claims.

2.  Vinson Law, P.A. ("Vinson") is a Florida Professional Association with offices in Tampa, Florida.[2]

3.  Lawyers in Florida maintain their clients' files in confidence and for the benefit of the clients. Information contained in those files – whether privileged or not and regardless of source - is confidential and may not be voluntarily disclosed by the lawyer without the client's consent,. *E.g.*, Florida Bar Ethics Opinion 10-3 (Feb. 11, 2011).

4.  Even a client, who may indeed require a lawyer to provide a copy of the files to him or her, must pay the lawyer "adequate compensation" before obtaining copies of materials in the lawyer's files. *Long v. Dillinger*, 701 So. 2d 1168, 1169 (Fla: 1997).

5.  Vinson estimates that the client files at issue contain approximately 70,000-80,000 pages of documents that would or might be responsive to the Subpoena.

6.  The case files requested by the Subpoena relate to cases which involve victims who were exposed to asbestos as young men during their service in the United States military at a time when they were unaware of its dangers.

7.  Vinson's clients are now elderly Veterans suffering the effects of that exposure, or their widows and/or family members.

---

[2] Vinson does not submit to personal jurisdiction in or transfer to Pennsylvania.

4870-6024-8068, v. 1

8. The asbestos industry, of which Honeywell is a known member, knew asbestos was dangerous yet sold it anyway.

9. Honeywell's asbestos existed in the form of asbestos-containing Bendix brakes, and it is a litigation defendant in ¾ of the cases of Vinson claimants subject to the Subpoena.

10. Through the 'one-way mirror' it employs into its the NARCO Trust claims filings, Honeywell has unfettered access into all these Vinson claims.  Yet, it has requested in its subpoena two hundred of those claim files be separately produced by Vinson.

11. Honeywell's complaint alleges inconsistencies between litigation materials and NARCO Trust filings.  In order to prove its alleged case, it already has access to a vast majority of Vinson's litigation materials (and all its NARCO filings), yet it has requested those materials and any additional be separately produced by Vinson.

12. Honeywell's complaint alleges check-the-box parroting on affidavits solely in claims approved by the NARCO Trust, yet it requests all other affidavits and claims materials filed with non-NARCO trusts.  Due to the myriad bankrupt defendant exposures in asbestos matters, that equates to approximately two dozen claim files per subpoenaed claimant (separate from the NARCO Trust), or an estimated 4800 irrelevant claim files.

## Legal Memorandum

A. <u>Honeywell's Subpoena Places an Undue Burden on Non-Party Vinson To Contact Each of Its Clients Whose Files Have Been Subpoenaed.</u>

The request for the documents set forth in the Subpoena from a non-party law firm for voluminous documents from its client files is improper and, at least in the experience of Vinson, unprecedented. Moreover, the requested documents are unduly burdensome to produce.

As noted above, Vinson was served with the Subpoena on November 9, 2021. The Subpoena requests multiple categories of documents for *200 different clients* of Vinson. The proposed production time is 15 days – November 24, 2021. The clients involved are in fact the real parties in interest. It is unclear whether, or exactly how, their interests might be impacted by production, but they are entitled to notice of this request and should be given an opportunity to understand the consequences (including any costs incurred) of production and non-production, to ask questions, to seek independent advice should they choose to do so, and ultimately to consent or object to the production.

Vinson takes its obligations under the Subpoena seriously. To prepare this Objection and Motion to Quash, it has reviewed the Subpoena and its files. Second, as the Subpoena was issued in a bankruptcy case, it retained Stichter, Riedel, Blain & Postler, PA, a firm experienced in bankruptcy matters, as counsel. Third, it consulted the Florida Rules of Professional Conduct related to client records.

4870-6024-8068, v. 1

From a professional and ethical standpoint, Rule 4-1.6 of the Florida Rules of Professional Conduct provides that, with certain limited exceptions, a lawyer "must not reveal information relating to representation of a client" unless the client gives informed consent. A lawyer's files, which obviously contain information relating to representation of clients, are protected by the confidentiality rule. Therefore, absent the informed consent of the affected client, a lawyer is obligated to refuse to voluntarily release a client's records to a third party.

B. Honeywell's Subpoena Requests Confidential Client Documents Which Vinson Cannot Simply Turn Over.

In addition to client confidentiality concerns, which are paramount, Vinson also believes that it is possible that some of the documents requested by the Subpoena may be subject to confidentiality requirements imposed by the asbestos trusts to which it assisted its clients in submitting claims. *In re Bestwall LLC,* 2021 WL 2209884 (Bankr. D. Del. 2021) involved third party subpoenas issued to various asbestos trusts[3] for documents related to asbestos claims administered by the trusts. The *Bestwall* court stated "[t]he Trust Agreements establishing each of the Trusts require that the Trustees administer, maintain, and operate the Trusts pursuant to certain written Trust Distribution Procedures (the "TDP"), provisions

---

[3] The NARCO Trust was not among them.

of which – both the Trust Agreement and the TDP – were approved by a United States District Court and thereby incorporated into the debtor's confirmed plan. Each TDP expressly provides that submissions to the Trust by the holders of the channeled asbestos claims (the "Trust Claimants") (i) are intended to be confidential, (ii) will be treated as made in the course of settlement discussions between the claimant and the Trust, and (iii) are to be protected by all applicable privileges, including those applicable to settlement discussions." *Id.* Thus, responding to the Subpoena would necessitate that Vinson not only seek the informed consent of each of its clients, but that it investigate any confidentiality requirements that may apply to any documents specific to an asbestos trust and be binding upon its clients. This is further proof of the burdensome and unprecedented nature of this subpoena.

C. <u>Honeywell's Subpoena Is Unduly Burdensome and Should Be Quashed.</u>

Bankruptcy Rule 9016 provides that Rule 45 of the Federal Rules of Civil Procedure is applicable in cases under the Bankruptcy Code. F.R.C.P. 45(d)(2)(b) provides that a person commanded to produce documents may serve an objection to the production within 14 days after service. F.R.C.P. 45(d)(3) provides that "the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

\*   \*   \*

(iv) subjects a person to undue burden.

"It is generally recognized that a non-party involuntarily embroiled in civil litigation should not be subject to undue burden or significant expense merely by virtue of having received a subpoena." *Taylor v. Grisham,* 2020 U.S. Dist. LEXIS 12337, 2020 WL 3172708 (D. N.M. 2020). The determination requires a court to balance the interests served by demanding compliance with a subpoena against the interests furthered by quashing it. "The status of a person as a non-party is a factor that weighs against disclosure." *Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Service Center of Haverstraw, Inc.,* 211 F.R.D. 658, 663 (D. Kan. 2003). The subpoenaed party need only show compliance would substantially disrupt its normal business operations. *Id.* "Determination of issues of 'undue burden' are committed to the discretion of the trial court." *Johnson v. Bryco Arms,* 226 F.R.D. 441, 444 (E.D. N.Y. 2005).

Since the subpoena was served, Vinson has learned that despite having spent 10 ½ hours pulling NARCO claim files, that Honeywell already has them. Therefore, any claim materials Honeywell needs to prove "check-the box parroting" affidavits in claims paid by the NARCO trust are already in its possession. Similarly, already having the documents did not dissuade Honeywell from requesting litigation files as well. Being a 'usual suspect' defendant in

asbestos litigation due to its asbestos Bendix brakes, Honeywell also already has access to the litigation materials of 18 of the 24 Vinson subpoenaed clients' who have litigation cases.   Thus, it also has markedly more than a representative sample of inconsistent statements it plans to prove utilizing litigation materials. The only remaining motive for issuing said subpoena is to harass a law firm regularly bringing litigation cases against it.

Notwithstanding any ethical steps required to produce its clients' files, Vinson's lead paralegal estimates the following for production of same (based on its apparently unnecessary efforts shepherding NARCO claims materials):

200 claims at 10.5 hours = 630 minutes total

630/200 = 3.15 min per claim

Each client has about 25 claims = 78.75 minutes per client

87.5 minutes x 200 clients = 15,750 minutes for all = 262.5 hours, based on 8-hour work day = 32.8 work days.

Additionally, the sheer number of pages for this production would be excessive. We estimate that for each claimant identified in the subpoena, there are approximately 350-400 pages of claims materials requested. This amounts to approximately 70,000-80,000 pages total for all claimants. For claimants also involved in litigation and which have had depositions completed, we estimate there is an additional 400-700 approximate pages of documents requested. These requests are clearly overbroad and would require a massive effort to produce.

11

Given that the balancing test clearly weighs against production, Vinson has effectively demonstrated undue burden.  Honeywell already has the materials it needs to make its alleged case.  It has litigation documents it needs to prove alleged inconsistencies, the breadth of what is requested it knows is voluminous[4].  It has the *two hundred* claim files it has requested, and thus documentary evidence it needs to prove "check the box parroting".  Thus, it has no need to seek the documents requested by the Subpoena from Vinson.

D. <u>Vinson Does Not Consent to Transfer of Venue of This Objection and Motion.</u>

Vinson also objects and does not consent to the transfer of venue of this Objection and Motion or of any motion to compel related to the Subpoena to any court other than the United States District Court or the United States Bankruptcy Court for the Middle District of Florida, Tampa Division.   Fed. R. Civ. P. 45(d)(3)(A) requires a subpoenaed party to move to quash or modify the subpoena in the district where compliance is required, not in the court that issued the subpoena (unless the two are the same).  Rule 45(f) provides that the compliance court may transfer a motion to quash or modify only "if the person subject to the subpoena consents or if the court finds exceptional circumstances."  Vinson does

---

[4]Given the multijurisdictional nature of asbestos litigation, e.g. one of Vinson Law's NARCO claimants has four suits in separate jurisdictions, two in state courts and two in federal.

not, and will not, consent to transfer, and no exceptional circumstances exist. Thus, the United States Bankruptcy Court for the Middle District of Florida is the proper district for Vinson to file this Objection and Motion to Quash.

For the reasons set forth above, Vinson's objection and motion to quash Honeywell's subpoena should be granted.

## Local Rule 3.01(g) Certification

The undersigned, Harley E. Riedel, counsel for Vinson, hereby certifies pursuant to Local Rule 3.01(g) that he conferred via telephone on November 22, 2021 with counsel for Honeywell, and counsel for Honeywell does not agree to the relief requested in this Motion.

Respectfully submitted:

/s/ Harley E. Riedel
Harley E. Riedel
Florida Bar No. 183628
Stichter, Riedel, Blain & Postler, P.A.
110 E. Madison St. #200
Tampa, FL 33602
Phone: (813) 229-0144
Email: hriedel@srbp.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of November, 2021 a true and correct copy of the foregoing has been hand delivered to the Clerk of the Court in order to establish a Miscellaneous Case Number, and that a true and correct copy of the foregoing has been sent via electronic mail and United States mail at the following addresses on the 23rd day of November, 2021 to Michael P. Kruszewski, Quinn, Buseck, Leemhuis, Toohey & Kroto, Inc., 2222 W. Grandview Blvd., Erie, Pennsylvania 16506, mkruszewski@quinnfirm.com.

/s/ Harley E. Riedel
Florida Bar No. 183628
Stichter, Riedel, Blain & Postler, P.A.
110 E. Madison St. #200
Tampa, FL 33602
Phone: (813) 229-0144
Email: hriedel@srbp.com

4870-6024-8068, v. 1