# Exhibit A

# Subpoena Served on Vinson Law

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/13)

# UNITED STATES BANKRUPTCY COURT

**RUSH**

_____ WESTERN _____ District of _____ PENNSYLVANIA _____

In re NORTH AMERICAN REFRACTORIES COMPANY
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. 15-00204 TPA

HONEYWELL INTERNATIONAL INC.
Plaintiff

Chapter _____

v.

NARCO ASBESTOS PERSONAL INJURY SETTLEMENT TRUST
Defendant

Adv. Proc. No. 21-02097 TPA

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: VINSON LAW, LLC, 5505 W. Gray St., Tampa, Florida 33609
*(Name of person to whom the subpoena is directed)*

SERVED:
DATE: 11/9/21    TIME: 10:50 AM
BY: AC    PS#: CH-6162 B

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:    See attached Schedules A-C

| PLACE   ERIC PARTLOW, ADAMS AND REESE LLP<br>Bank of America Plaza, 101 East Kennedy Boulevard, Suite 4000, Tampa, FL 33602 | DATE AND TIME<br>November 24, 2021 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: November 8, 2021

CLERK OF COURT

_____     OR     _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* HONEYWELL INTERNATIONAL INC., who issues or requests this subpoena, are:
Mike Kruszweski, Quinn Law Firm, 2222 W Grandview Blvd, Erie, PA 16506, (814) 806-2518

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A

### REQUESTS FOR DOCUMENTS

1. For each Claimant identified in the attached Schedule C, all of the following Documents filed, served, submitted, or otherwise exchanged in civil litigation, by or on behalf of the Claimant and/or his or her Personal Representative, in any matter relating to allegations of exposure to any asbestos-containing products or raw asbestos fibers:

    a. Any complaints, including all amendments thereto;

    b. Transcript(s) of any deposition(s) of the Claimant, his or her Personal Representative, any person who discussed the Claimant's exposure to asbestos, or any other person who discusses the Claimant and/or his or her Personal Representative;

    c. Responses to interrogatories or requests for admission signed or submitted by or on behalf of the Claimant and/or his or her Personal Representative; and

    d. Affidavits, declarations, statements, or affirmations signed or submitted by or on behalf of the Injured Party and/or his or her Personal Representative.

2. For each Claimant identified in the attached Schedule C, all of the following Documents filed or otherwise submitted to any Settlement Trust by or on behalf of the Claimant and/or his or her Personal Representative in connection with a Claim made by or on behalf of the Claimant to such Settlement Trust:

    a. Affidavits, claim forms, declarations, statements, or affirmations signed or submitted by or on behalf of the Claimant and/or his or her Personal Representative alleging exposure to any asbestos-containing products or raw asbestos fibers; and

1

  b. Any and all other Documents submitted to such Settlement Trust by or on behalf of the Claimant and/or his or her Personal Representative relating to allegations of exposure to any asbestos-containing products or raw asbestos fibers.

 3. All Documents provided by You to Mazars USA LLP, or any person or entity acting on behalf of the Trust, in response to any audit, review, or inquiry by the Trust relating to any of their Claim submissions.

## **SCHEDULE B**

### **DEFINITIONS AND INSTRUCTIONS**

1. Wherever appropriate in this request, the singular form of a word shall be interpreted as plural and vice versa, and the masculine form of a word shall be interpreted as feminine and vice versa.

2. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests any information that might otherwise be construed to be outside their scope.

3. "Communication" means the transmittal of information of any kind, in any form, and by any means, and therefore includes, but is not limited to, any telephone conversation, face-to-face meeting or conversation, visit, conference, internal or external discussion, or exchange of Documents. All written Communications shall include, without limitation, electronic, printed, typed, handwritten or other readable Documents, correspondence, memoranda, reports, contracts, both initial and subsequent, diaries, logbooks, minutes, notes, studies, surveys, forecasts, emails, text messages, and instant messages. A Request for Documents concerning any Communication among or between specified parties includes a request for any Communication among or between such parties, whether or not such Communication included or was directed to any other person.

4. "Concerning" any given subject means any information or any document or documents that comprise, constitute, contain, embody, evidence, identify, reflect, state, refer to, deal with or are in any way pertinent to that subject, including but not limited to, documents Concerning the preparation of other documents.

5. "Documents" means anything that would be a "writing" or "recording" as defined by Rule 1001(1) of the Federal Rules of Evidence or a "document" as defined in Rule 34(a) of the Federal Rules of Civil Procedure and Rule 7034 of the Federal Rules of Bankruptcy Procedure,

1

including, without limitation, any tangible thing upon which any expression, communication or representation has been recorded by any means including, but not limited to, handwriting, typewriting, printing, photostating, photographing, videotaping, magnetic impulse, computer disks, computer storage drives, computer tapes, or mechanical, electronic or digital recording or information storage of any kind, and any nonidentical copies (whether different from the original because of notes made on such copies, because of indications that said copies were sent to different individuals than were the originals, or because of any other reason), including but not limited to working papers, preliminary, intermediate or final drafts, correspondence, memoranda, electronic mail, charts, notes, records of any sort of meetings, financial calculations, diaries, reports of telephone or other oral conversations, desk calendars, appointment books, and all other writings and recordings of every kind that are in your actual or constructive possession, custody, or control.

6. "You" and "your" means or refers to Vinson Law, LLC.

7. "Claim" means any claim submitted to a Settlement Trust for processing – regardless of current status, whether withdrawn or deferred, or that has been processed – and any claim asserted in court, in each case allegedly caused, in whole or in part, by exposure to asbestos-containing products.

8. "Claimant ID Number" means the identification number assigned to an Injured Party on whose behalf a Claim is made to the North American Refractories Company ("NARCO") Asbestos Personal Injury Settlement Trust (the "NARCO Trust").

9. "Claimant" means the injured party identified as the person who developed an asbestos-related disease as a result of alleged exposure to a NARCO asbestos-containing product in your claim filing to the NARCO Trust. For avoidance of doubt, the Claimant is not the personal

2

representative that brings the Claim on behalf of an injured party such as in the case when an injured party is deceased – the deceased injured party is still the claimant.

10. "Settlement Trust" means trusts established under Section 524(g) of the U.S. Bankruptcy Code, such as the Manville Personal Injury Settlement Trust, the Federal-Mogul Asbestos Personal Injury Trust and/or any similarly situated bankruptcy trust established for the recovery of asbestos-related personal injury claims.

11. The "Trust" means the North American Refractories Company Asbestos Personal Injury Settlement Trust, its employees, agents, representatives and anyone acting or purporting to act on its behalf.

12. You shall produce all Documents and Communications responsive to these requests that are in your possession, custody, or control, including all Documents in the possession, custody, or control of your past or present agents, employees, companies, licensees, representatives, investigators, or attorneys.

13. Documents shall be produced with sufficient information to identify the files or repositories in which such responsive Documents are maintained in the normal course of business, including, for example, an index, key, code or other means of ascertaining the source of the produced Documents.

14. All Documents that are produced in electronic format should be provided with: (i) Group 4 "tiff" images and OPT files; (ii) a Concordance delimited import file with boundaries; (iii) full text OCR, with OCR text files provided on a document level; and (iv) all meta data fields associated with each electronic document. Honeywell also requests that all spreadsheets created in Microsoft Excel or similar spreadsheet program be produced in their native format. Honeywell reserves its right to request that other Documents be produced in their native format if necessary.

The following metadata fields are also to be produced with all documents produced in electronic format:

| Field Name | Description |
|---|---|
| BEGDOC | The beginning bates number for a document. This represents the first page of any given document. |
| ENDDOC | The ending bates number for a document. This represents the last page of any given document. |
| BEGATTACH | The beginning bates number for a family of documents. This represents the first page in each family (parent-child) relationship. |
| ENDATTACH | The ending bates number for a family of documents. This represents the last page in each family (parent-child) relationship. |
| APPNAME | Name of the application that opens the native file. |
| ATTACHCOUNT | The number of attachments any given item possesses. |
| ATTACHNAMES | List of files attached to an email. |
| ATTACHRANGE | The DOCID range for the family of items. |
| CUSTODIAN | Custodian name. For documents from centralized repositories where custodian name(s) are unavailable, identifying source information should be provided. |
| ALLCUSTODIANS | Names of all individuals or repositories who possessed the document. |
| FROM | The name and email address of the individual who wrote the email. |
| TO | The complete list of all names and emails of all individuals contained in the "To" field of the email. |

4

| Field Name | Description |
| --- | --- |
| CC | The complete list of all names and emails of all individuals contained in the "CC" field of the email. |
| BCC | The complete list of all names and emails of all individuals contained in the "BCC" field of the email. |
| AUTHOR | The application recorded "author" field of a document. |
| SUBJECT | The subject of the email. |
| TITLE | The application recorded "title" field of a document. |
| SORTDATE | First use SENTDATE, then MODIFIEDDATE, then CREATEDATE of the parent item. Populated for all family members. |
| SORTTIME | First use SENTTIME, then MODIFIEDTIME, then CREATETIME of the parent item. Populated for all family members. |
| SENTDATE | The date captured by the mailstore as to when the email was sent. |
| SENTTIME | The time captured by the mailstore as to when the email was sent. |
| RECEIVEDDATE | The date captured by the mailstore as to when the email was received. |
| RECEIVEDTIME | The time captured by the mailstore as to when the email was received. |
| REDACTIONS | Yes/No field. Populate with YES for any documents that contain redactions. |
| CALSTARTDATE | The application recorded date that a calendar item was scheduled to start. |
| CALSTARTTIME | The application recorded time that a calendar item was scheduled to start. |
| CALENDDATE | The application recorded date that a calendar item was scheduled to end. |

| Field Name | Description |
|---|---|
| CALENDTIME | The application recorded time that a calendar item was scheduled to end. |
| CREATEDATE | The application recorded date the file was generated. |
| CREATETIME | The application recorded time the file was generated. |
| MODIFIEDDATE | The application recorded date the file was last modified. |
| MODIFIEDTIME | The application recorded time the file was last modified. |
| PRINTDATE | The application recorded date the file was last printed. |
| PRINTTIME | The application recorded time the file was last printed. |
| FILETYPE | Description of type of document, i.e. Email, E-Doc. |
| FILEEXT | The extension of the file. |
| FILENAME | The name of the file. |
| FILEPATH | The path to the file, including pst storename and folders if item is from a PST. |
| FILESIZE | The size of any given item in kilobytes. This field includes parent emails as well. |
| MAILFOLDER | The name of the folder path within the parent mail store that contains the email. |
| MD5HASH | MD5 Hash of efile, or MD5 Hash of dedupe fields for email |
| MSGCLASS | Outlook Email - Mail item class (Note, Report, Meeting, etc.) |

6

| Field Name | Description |
|---|---|
| INTMSGID | The unique Internet message ID of an email. This is assigned in the email header and is not specific to the email application used. |
| ENTRYID | The unique mail identifier assigned by the mail application (pst or nsf) for every mail item. |
| HIDDEN_CONTENT | Yes/No field. Populate with YES for any documents that contain comments, speaker notes, track changes, etc. |
| NATIVEFILE | The relative path linking the document. |
| FULLTEXT | Relativity path linking the text file. |

15. If you withhold any Document or Communication on the basis of the attorney-client privilege or work-product doctrine, identify the privilege claimed as well as each Communication (including oral Communications) and Document for which such privilege is claimed, together with the following information with respect to each such Communication and Document:

   a. Date;

   b. Sender;

   c. Addressee;

   d. Subject;

   e. The basis on which the privilege is claimed; and

   f. The names of persons to whom copies of any part of the Document were furnished, together with an identification of their employer and their job titles.

7

16. If You maintain that any Document requested herein has been destroyed, set forth the contents of the Document, the date of its destruction, and the name of the person who authorized its destruction.

17. Where an objection is made to a request, state all grounds upon which your objection is based.

18. These requests are continuing in nature. You are under a duty to supplement and correct your responses pursuant to Rule 26 of the Federal Rules of Civil Procedure and Rule 702 of the Federal Rules of Bankruptcy Procedure.

19. The Documents and Communications produced pursuant to this request are to be segregated and identified by the number of the request below to which they are responsive, or are to be produced as they are maintained in the ordinary course of business.

## SCHEDULE C

## CLAIMANT ID NUMBERS

| | | |
|---|---|---|
| 1324721 | 1409643 | 1434833 |
| 1407054 | 1382067 | 1416465 |
| 1436515 | 1384811 | 1391175 |
| 1394706 | 1398026 | 1412166 |
| 1396200 | 1370488 | 1372633 |
| 1383558 | 1430507 | 1364305 |
| 1433166 | 1370313 | 1405855 |
| 1388691 | 1435829 | 1374631 |
| 1369321 | 1379624 | 1370507 |
| 1419258 | 1408975 | 1436307 |
| 1433620 | 1410393 | 1379990 |
| 1387740 | 1400964 | 1394183 |
| 1390734 | 1344742 | 1393695 |
| 1417198 | 1430866 | 1430259 |
| 1431259 | 1429820 | 1433695 |
| 1402404 | 1387484 | 1437553 |
| 1435876 | 1377129 | 1437848 |
| 1395681 | 1426977 | 1437940 |
| 1416870 | 1430504 | 1437784 |
| 1397965 | 1395158 | 1438124 |
| 1398440 | 1433570 | 1438171 |
| 1427934 | 1375858 | 1438182 |
| 1436514 | 1416229 | 1438224 |
| 1404338 | 1427057 | 1438258 |
| 1337221 | 1396288 | 1438434 |
| 1432171 | 1416280 | 1438474 |
| 1419752 | 1411940 | 1438527 |
| 1395922 | 1362852 | 1438596 |
| 1354373 | 1383457 | 1438617 |
| 1377964 | 1387990 | 1438614 |
| 1389817 | 1402094 | 1436784 |
| 1397793 | 1407336 | 1438683 |
| 1379047 | 1393651 | 1438686 |
| 1430129 | 1414452 | 1438107 |
| 1370499 | 1419406 | 1438810 |
| 1420971 | 1432364 | 1438882 |
| 1416780 | 1407312 | 1439178 |
| 1388501 | 1433816 | 1439236 |
| 1436460 | 1399805 | 1436799 |

| | |
|---|---|
| 1364801 | 1438308 |
| 1437715 | 1440838 |
| 1439345 | 1413658 |
| 1437565 | 1418990 |
| 1439355 | 1436714 |
| 1439356 | 1437740 |
| 1437718 | 1436808 |
| 1404778 | 1417250 |
| 1439378 | 1420969 |
| 1436798 | 1383021 |
| 1439525 | 1390443 |
| 1439531 | 1405499 |
| 1439548 | 1441384 |
| 1438444 | 1441481 |
| 1439582 | 1441682 |
| 1439605 | 1441867 |
| 1439673 | 1441943 |
| 1439923 | 1441971 |
| 1440050 | 1441432 |
| 1440065 | 1442060 |
| 1440175 | 1442159 |
| 1440219 | 1442252 |
| 1440518 | 1442286 |
| 1440526 | 1442299 |
| 1440812 | 1442383 |
| 1433078 | 1369030 |
| 1440126 | 1442531 |
| 1433039 | 1442711 |
| 1404690 | 1443113 |
| 1438330 | 1443188 |
| 1413523 | 1443226 |
| 1388985 | 1443433 |
| 1391876 | 1443577 |
| 1385681 | 1365080 |
| 1398348 | 1443836 |
| 1413409 | 1444131 |
| 1417005 | 1444157 |
| 1409657 | 1444177 |
| 1351797 | 1444188 |
| 1425092 | 1444979 |
| 1392825 | |
| 1432470 | |
| 1433991 | |