UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HONEYWELL INTERNATIONAL INC.,

    Plaintiff,

v.

                                          Case No.: 8:21-mc-157-CEH-AAS

NARCO ASBESTOS PERSONAL
INJURY SETTLEMENT TRUST,

    Defendant.
_____/

## ORDER

Honeywell International, Inc. (Honeywell) requests that the court compel, expedite, or transfer the subpoena issued to non-party Vinson Law, P.A. (Vinson) filed in relation to a case pending in the United States Bankruptcy Court for the Western District of Pennsylvania before United States Bankruptcy Judge Thomas P. Agresti, *Honeywell Int'l Inc. v. North American Refractories Company Asbestos Personal Inj. Settlement Trust*, Adv. Proc. No. 21-2097 (Bankr. W.D. Pa.) (the 2021 NARCO Litigation). (Doc. 2). Vinson opposes the motion. (Doc. 7).

Federal Rule of Civil Procedure 45 governs out-of-district subpoenas and was amended in 2013. "As amended, a subpoena must be issued by the court where the underlying action is pending, but challenges to the subpoena are to

1

be heard by the district court ... where compliance with the subpoena is required." Fed. R. Civ. P. 45(c), (d)(2)(B)(i), and (d)(3)(A); *Woods v. Southerncare, Inc.*, 303 F.R.D. 405, 406 (N.D. Ala., Nov. 4, 2014). Here, compliance is required in the Middle District of Florida. (*See* Doc. 1-1).

When compliance is disputed, however, Rule 45(f) allows the court to transfer a subpoena-related motion to the issuing court for adjudication if "the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). Although Rule 45(f) does not explain what qualifies as an exceptional circumstance, the Advisory Committee notes explain, in determining whether exceptional circumstances exist,

> the court's prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when the court has already ruled on issues presented by the motion or the same issues are likely to rise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

Fed. R. Civ. P. 45(f) advisory committee's note (2013).

A district court "should look to a variety of factors to determine if the

2

judge from the issuing court is in a better position to rule on the motion due to her familiarity with the full scope of the issues involved as well as any implications the resolution of the motion will have on the underlying litigation." *The Dispatch Printing Co. v. Zuckerman*, No. 16-CV-800-37-BLOOMVALLE, 2016 WL 335753, at *2 (S.D. Fla. Jan. 27, 2016) (citing *In re UBS Financial Services, Inc. Securities Litigation*, 2015 WL 4148857, at *1 (D.D.C. July 9, 2015)). "These factors include the complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by the issuing court in the underlying litigation." *Id.* (citing *Jud. Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34 (D.D.C. 2014)).

Analysis of these factors support transferring Vinson's motion to quash and this motion to compel compliance with the subpoena. The 2021 NARCO Litigation is the second action Honeywell brought against Defendant Narco Asbestos Personal Injury Settlement Trust (the Trust). Judge Agresti also presided over Honeywell's initial action against the Trust. *See In re NARCO*, 542 B.R. 350 (Bankr. W.D. Pa. 2015). The duration and complexity of the NARCO bankruptcy and 2021 NARCO Litigation favor finding exceptional circumstances to transfer these subpoena related motions. *See In re K.M.A. Sunbelt Trading Co.*, No.: 8:17-mc-55-30AAS, 2017 WL 2559790 (M.D. Fla.

3

2017) (finding exceptional circumstances existed to transfer subpoena-related motion where the issuing court had "intimate knowledge of the underlying litigation, parties, facts, and prior rulings").

Judge Agresti set an expedited schedule for the 2021 NARCO Litigation, with discovery closing on March 7, 2022, and trial beginning on May 23, 2022. *See Honeywell v. NARCO Trust, Adv. Proc.*, No. 21-2097, (Bankr. W.D. Pa. Nov. 5, 2021) (Doc. 119, pp. 3-5); *see also In re K.M.A. Sunbelt Trading Co.*, No. 2017 WL 2559790, at *1-2 (M.D. Fla. June 13, 2017) (granting motions to transfer and compel in part because of "impending deadlines as well as the trial schedule"). Without a transfer, there is a risk of conflicting rulings on the relevance of the subpoenaed documents—from this court and from the federal court in Washington, D.C., before which Honeywell has moved to compel compliance with a subpoena to a second firm (and has similarly requested a transfer). (*See* Doc. 3, ¶ 6).

NARCO Asbestos Personal Injury Settlement Trust (The Trust) moved for a protective order in the 2021 NARCO Litigation challenging the relevance of the Vinson subpoena, and several other similar non-party subpoenas. Judge Agresti denied The Trust's motion for a protective order. (*See* Doc. 6-1). Transferring the motion to compel and the motion to quash to the United

4

States Bankruptcy Court for the Western District of Pennsylvania is necessary to avoid different courts reaching different conclusions on the relevance of the same documents. Thus, the interests of judicial economy and efficiency support transfer.

The court recognizes litigating this matter in another district will impose some burden.[1] However, compliance with the subpoenas will likely involve electronic production and the burden of travel, if necessary, is slight. *See Jud. Watch, Inc.*, 307 F.R.D. at 34 (holding that the burden on the subpoenaed party is minimal where electronic production is allowed).

The exceptional circumstances here—the risk of inconsistent discovery rulings, the duration, and complexity of the case, as well as the interests of judicial economy and efficiency—outweigh the interests Vinson has in litigating its motion to quash and Honeywell's motion to compel locally.

## III.   CONCLUSION

Honeywell's motion to compel, expedite, or transfer the subpoena issued to non-party Vinson Law (Doc. 2) is **GRANTED** to the extent that the Clerk is

---

[1] The Advisory Committee notes encourage the court to permit telephonic participation after transfer to minimize travel costs to non-parties. *See* Fed. R. Civ. P. 45(f) advisory committee's note (2013); *see also Moon Mountain Farms, LLC v. Rural Community Insurance Co.*, 301 F.R.D. 426, 430 (N.D. Cal., July 10, 2014).

directed to transfer this motion to compel and Vinson's motion to quash (Docs. 1, 2) to the United States Bankruptcy Court for the Western District of Pennsylvania and close this case.

**ORDERED** in Tampa, Florida on December 27, 2021.

*Amanda Arnold Sansone*

AMANDA ARNOLD SANSONE
United States Magistrate Judge